IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| TOMMIE N. SMITH, JR., *Plaintiff*, v. NANCY A. BERRYHILL, Acting Commissioner of Social Security, *Defendant*. | CASE NO. 6:15-cv-00039<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the parties' cross Motions for Summary Judgment (dkts. 14 and 16), the Report and Recommendation of United States Magistrate Judge Robert S. Ballou (dkt. 20, hereinafter "R&R"), and Plaintiff's Objections to the R&R (dkt. 21, hereinafter "Objections"). Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to U.S. Magistrate Judge Ballou for proposed findings of fact and a recommended disposition. Judge Ballou filed his R&R, advising this Court to deny Plaintiff's Motion for Summary Judgment and grant the Commissioner's Motion for Summary Judgment. Plaintiff timely filed his Objections, obligating the Court to undertake a *de novo* review of those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). Because Plaintiff's Objections lack merit, I will adopt Judge Ballou's R&R in full.

**I. STANDARD OF REVIEW**

A reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42

1

U.S.C. §§ 405(g), 1383(c)(3); *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). Substantial evidence requires more than a mere scintilla, but less than a preponderance, of evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Where "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Johnson*, 434 F.3d at 653.

A reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Id.* (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "Ultimately, it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, even if the court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971).

## II. ANALYSIS

Because Plaintiff does not object to the R&R's recitation of the factual background and claim history in this case, I incorporate that portion of the R&R into this opinion. (*See* R&R at 2–3). By way of summary, Plaintiff applied for (and was denied) disability insurance benefits under the Social Security Act based on his back condition and diabetes. The ALJ concluded that Plaintiff maintained the residual work capacity to perform light work with certain exceptions,

and that he is capable of performing past relevant work as a school bus monitor and retail store manager. (R&R at 3; *see* R14–18).

In challenging the ALJ's conclusions and objecting to Judge Ballou's R&R, Plaintiff misunderstands the application of the standard of review. He contends that the R&R (and by extension, the ALJ) "ignore[d]" evidence from Jason Meador, P.A. that Plaintiff suffered back pain, and that other evidence in the record confirmed that conclusion. (Objections at 2).

The question is not whether a reasonable fact-finder could have reached a different conclusion than the ALJ about the extent of Plaintiff's pain and his relative ability to perform meaningful work. Rather, the question is whether the ALJ's conclusion is supported by substantial evidence. It is. As Judge Ballou observed, Plaintiff's motion for summary judgment "argument is merely an invitation to re-weigh the evidence and conclude that [he] suffers from impairments which more severely limit his functional capacity that the RFC found by the ALJ." (R&R at 6). Indeed, Plaintiff's objections to the R&R—which are sparsely developed and span hardly two pages[1]—take the same tact, pointing to some evidence that he suffered pain and describing the extent of it. (*See* Objections at 2–3 (citing, *e.g.*, R 263, 266, 277, 297, 326, 341, 246)). From this, Plaintiff contends again that this evidence provides "objective proof" of his disorder sufficient to cause disabling pain. (*Id.* at 2).

But as the R&R ably recounts, the ALJ took all the evidence into consideration and concluded that evidence other than that cited by Plaintiff revealed that Plaintiff retained the ability to perform some work, in part because his pain was not debilitating. The ALJ relied upon medical evidence from Dr. Murray Joiner, Dr. George Wagner, Dr. John Fraser, physician's

---

[1] Underdeveloped objections that merely recapitulate arguments previously made in briefing (rather than take issue with specific findings of the Magistrate Judge) may be summarily denied. *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005). Nevertheless, the Court undertakes a *de novo* review.

3

assistant Jason Meador, and a physical therapist showing that, *inter alia*, Plaintiff's pain was "inconsistent," "exaggerated," did not appear as medically severe as reported, and did not prevent him from performing a variety of movements. (R&R at 4–5; *see*, *e.g.*, R244, 247, 263–66, 277–78, 330–34, 346). From this and other evidence, the ALJ concluded that Plaintiff's "treatment record does not support his allegations regarding the severity of his limitations" and that the "record as a whole does not establish that he is so limited that he cannot work at all." (R17).[2]

The requirement of "substantial evidence" in support of an ALJ's conclusions is not a high bar: It is "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Barnhart*, 434 F.3d at 653. The ALJ's conclusion in this case meets that threshold. Although a rational person might have reached a different conclusion, where "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id*.

### III. CONCLUSION

After undertaking a *de novo* review of those portions of the R&R to which Plaintiff objected, I find that substantial evidence supports the ALJ's conclusions. Accordingly, I will enter an order overruling Plaintiff's Objections (dkt. 21), adopting the Magistrate Judge's R&R in full (dkt. 20), granting the Commissioner's Motion for Summary Judgment (dkt. 16), denying Plaintiff's Motion for Summary Judgment (dkt. 14), and dismissing and striking this action from

---

[2] In hopes of manufacturing reversible error, Plaintiff also narrowly focuses on—and mischaracterizes—the R&R's statements about and significance of Plaintiff's lack of need for surgery. According to Plaintiff, the R&R "erroneously *concludes* that *because* surgery has not been recommend as a treatment option to plaintiff, his allegations of a less than sedentary FRC are not established by the evidence." (Objections at 2 (emphasis added)). The R&R does no such thing. (*See* R&R at 6). Rather, it briefly mentions—as part of a litany of reasons why substantial evidence supported the ALJ's conclusions—only that the ALJ noted that Plaintiff was "advised that surgery would not be helpful." (*Id*. (citing R17))

4

the active docket of the Court.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record, and to United States Magistrate Judge Robert S. Ballou.

Entered this  23rd  day of March, 2017.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE